UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 05-58-DCR |
| | ) | Civil Action No. 6: 08-7023-DCR |
| V. | ) | |
| | ) | |
| GERALD WAYNE COLLIER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of *pro se* Defendant/Movant Gerald Wayne Collier's Motion for Inspection of Records. [Record No. 111] Collier seeks copies of a number of documents and asks that they be provided to him free of charge. For the reasons discussed below, the Court will deny Collier's motion.

Two statutes, 28 U.S.C. §§ 753(f) and 2250, define the government's responsibility to provide transcripts or other court documents to indigent inmates. Pursuant to § 753(f), the government must furnish transcripts of criminal proceedings where a prisoner has authorization to proceed *in forma pauperis*, the court finds that the § 2255 action is non-frivolous, and the court actually needs the transcript to rule on an issue. *See* 28 U.S.C. § 753(f). With respect to court documents, § 2250 provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

-1-

28 U.S.C. § 2250. Under both statutes, the petitioner must show "a particularized need" for the documents requested. *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993) (addressing requirements of § 753(f) (citing *United States v. Maccollom*, 426 U.S. 317, 326 (1976)); *Bozeman v. United States*, 354 F. Supp. 1262, 1263-64 (E.D. Va. 1973) (explaining "particularized need" standard for purposes of § 2250). Likewise, transcripts of grand jury proceedings, which Collier also requests, are not available unless the requesting party demonstrates a particularized need for such transcripts. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958).

Collier asserts that he needs the requested documents "to understand the full scope of what the government's case is based on, and to better defend himself against these false accusation[s]." [Record No. 111, p. 2] This broad, vague reason is insufficient. Collier does not explain how the documents might be relevant to his § 2255 claims — or, more specifically, how they would help him prepare objections to the Magistrate Judge's Recommended Disposition of those claims. In sum, the Court finds that Collier has not shown a particularized need for the documents he requests.

Moreover, to the extent Collier seeks information in the possession of the United States, his request must be denied because he has not shown good cause why the Court should allow discovery. *See* Rules Governing Section 2255 Proceedings 6(a) (providing that in § 2255 actions, "[a] judge may, *for good cause*, authorize a party to conduct discovery" (emphasis added)). Accordingly, it is hereby

**ORDERED** that Collier's Motion for Inspection of Records [Record No. 111] is **DENIED**.

This 7th day of February, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge