UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 05-58-DCR |
| | ) | Civil Action No. 6: 08-7023-DCR |
| V. | ) | |
| | ) | |
| GERALD WAYNE COLLIER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On May 17, 2011, the Court dismissed Defendant Gerald Wayne Collier's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 115] This dismissal followed entry of a Recommended Disposition by United States Magistrate Judge Hanly A. Ingram. [Record No. 108] The magistrate judge's Recommended Disposition and the undersigned's subsequent Memorandum Opinion and Order addressed all claims raised in Collier's motion to vacate.[1] The matter is now pending for consideration of Collier's Motion to Alter, Vacate or Amend the Court's Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Because the Defendant's motion is without merit, it will be denied.

**I.**

The purpose of a Rule 59(e) motion is to allow the district court to make its own corrections, thus sparing the parties and appellate court the burden of unnecessary appellate

---

[1] This Court's Memorandum Opinion and Order also addressed Collier's objections [Record Nos. 113, 114] to the magistrate judge's Recommended Disposition.

proceedings. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). However, while Rule 59 allows for reconsideration of a court's judgment, it does not permit parties to effectively "re-argue a case." *Howard*, 533 F.3d at 475 (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Rather, the moving party "must either clearly establish a manifest error of law or must present newly discovered evidence." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citations omitted).[2]

The Seventh Circuit defines "manifest error" as the "wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (also noting that "[a] 'manifest error' is not demonstrated by the disappointment of the losing party"). Similarly, the Northern District of Texas, which refers to "manifest error" as "clear error," explained that:

> There is no precise definition in the law for what constitutes "clear error," though it's clear that any analysis of clear error should conform to a very exacting standard. District courts should have a clear conviction of error before finding that a . . . judgment was predicated on clear error. In essence, a judgment must be "dead wrong" to qualify as being clearly erroneous.

*H & A Land Corp. v. City of Kennedale*, No. 04:02-458, 2005 U.S. Dist. LEXIS 25797, *5 (N.D. Tex. Oct. 24, 2005) (internal citations and quotation marks omitted). Based on these definitions, to prevail on a Rule 59(e) motion based on "manifest error of law," the moving party must not only demonstrate that errors were made, but that these errors were so egregious that an appellate court could not affirm the district court's judgment.

---

[2] Intervening changes in the controlling law is an acceptable reason for granting a Rule 59(e) motion. *Combs v. Lambert*, No. 03: 07-27, 2007 U.S. Dist. LEXIS 36008, *3 (E.D. Ky., May 16, 2007) (citations omitted). However, this ground is not applicable here.

## II.

In the present case, Collier has not demonstrated any error of law, either characterized as manifest or otherwise. Likewise, he has not offered newly discovered evidence which would cause the Court to reconsider its earlier decision. Collier asserts that his initial § 2255 motion was drafted by an inmate who he now claims did not have knowledge of the relevant law. [Record No. 116, p. 1] However, with the assistance of the other inmate, Collier's original motion argued that he was entitled to relief on six grounds: (1) ineffective assistance of trial counsel regarding advice given concerning the use of prior drug convictions if Collier testified during trial; (2) ineffective assistance based on trial counsel's failure to interview or subpoena witnesses regarding the source of $1,906 seized from Collier at the time of his arrest; (3) ineffective assistance of trial counsel regarding whether to request a lesser included offense instruction; (4) ineffective assistance of trial counsel regarding the failure to pursue a motion to suppress evidence seized from his vehicle at the time of his arrest; (5) ineffective assistance of appellate counsel; and (6) ineffective assistance of trial counsel regarding his failure to seek the return of $1,906 seized at the time of the defendant's arrest. While Collier asserts that these grounds were raised initially, they were "smoothed over" by the inmate who provided him with assistance initially.

Although Collier asserts in his current motion that the undersigned and the magistrate judge committed factual and legal errors in addressing his § 2255 motion, the Court remains unconvinced. Likewise, the Court does not believe that the reasoning employed in the magistrate judge's Recommended Disposition or in its Memorandum Opinion and Order contain any flaws

in reasoning. All issues raised in Collier's original motion for collateral relief have been addressed. And Collier's objections have been fully considered. As noted above, Rule 59(e) is not intended to simply allow a party to re-argue points which have been previously raised and rejected.

Next, the Court specifically rejects the defendant's argument that reconsideration is appropriate based on a claim that another inmate provided ineffective assistance in connection with the preparation of Collier's original § 2255 motion. A prisoner filing a habeas petition in federal court does not have a right of counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Just as equitable tolling may not be based upon errors of "jailhouse lawyers," a prisoner may not seek reconsideration of a court's prior ruling based on assertions that assistance provided by a fellow inmate was insufficient. *Cf., Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (An inmate's lack of legal training, poor education, or illiteracy does not give a federal court a reason to toll the AEDPA's limitations period.); *Wilson v. Birkett*, 192 F.Supp.2d 763, 766 (E.D. Mich. 2002) (A claim that an inmate does not have professional legal assistance in not an extraordinary circumstance which would toll a statute of limitations period.).

Finally, the alleged "newly discovered evidence" offered by Collier does not alter the Court's decision on the defendant's motion for collateral relief. As discussed in the magistrate judge's and this Court's prior opinions, Brian Reams testified as a fact witness during Collier's trial. More specifically, Reams located the methamphetamine discovered in Collier's vehicle at the time of his arrest. Collier was arrested in June 2005 and his trial was held in October of that year. Collier contends that, during a 2009 audit, state official apparently discovered that

Reams had mishandled certain federal funds while he was employed as purchasing agent for a multi-county program in Southeastern Kentucky (*i.e.*, the Chemical Storage Emergency Preparedness Program, or "CSEPP"). Reams was later indicted by a state grand jury. (*See* http://thetimestribune.com/archive/x1414112365/Reams-indicted-by-Laurel-grand-jury.) It appears that these state charges remain pending. However, on February 17, 2011, Reams former wife, Melody Vess Reams entered a guilty plea to a federal information charging that she and Brian Reams conspired to defraud a government program of more than $10,000 in federal money in violation of 18 U.S.C. § 666. *See U. S. v. Melody Vess Reams*, U. S. Dist. Ct., E.D. of Ky., Southern Div. at London, No. 6: 11-13-GFVT.

In summary, the charges against Brian Reams appear to be unrelated to his actions, investigation or testimony in Collier's trial. Also, the matters did not occur during the same time period. Thus, it is unlikely that evidence regarding the state charges pending against Reams would be admissible even if Collier were given a new trial. Under the circumstances, such alleged, newly-discovered evidence does not support Collier's motion for reconsideration. In any event, however, evidence supporting Collier's conviction was overwhelming. In all likelihood, the jury's verdict would not have been altered by the new evidence Collier would seek to admit if a new trial were granted.

**III.**

This Court has previously and thoroughly reviewed this matter and has concluded that Collier's claims of ineffective assistance of counsel fail. And while Collier now seeks to challenge a government witness based on bad acts allegedly occurring years after his conviction,

it would appear that such evidence would be inadmissible for impeachment purposes or in connection with a motion to suppress. However, even if this new evidence were admitted, there is little likelihood that it would alter the result in this case. Accordingly, it is hereby

**ORDERED** that Defendant Collier's motion to alter, vacate or amend the judgment previously entered in this action [Record No. 116] is **DENIED**.

This 20th day of June, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge